

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11. TEXAS

Honorable R.L. Crosier
County Attorney
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-4511
Re: Assumption of bonded indebtedness.

We have received your letter of recent date which reads in part as follows:

"IN 1923 and 1925 respectively the Friendship Common School District voted bonded indebtedness against the district in two separate series of bonds. Subsequent to this date territories have been attached to this district by action of the County School Board and since the attachment of said territories the district has been redefined. The said attachment has been incorporated within the metes and bounds of the new district.

"The district now desires to refund bond series of the bonds issued in 1923 and 1925. The County School Superintendent here was advised by a private bond attorney that before these bonds could be refunded it was necessary for the district to vote an assumption of the outstanding bond indebtedness before these bonds could be refunded. Pursuant thereto an election was held last Saturday and only twenty-five persons voted and the assumption failed to carry due to lack of interest and discussion of the elections as it was assumed by the trustees that the same would carry without any opposition. They desire to hold an election at the earliest possible date to vote on this issue again. I, therefore, submit the following question:

"'Is there any limitation upon the length of time they would be required to wait before holding another election to vote upon the issue of assuming the outstanding bonded indebtedness?'"

You do not state in your letter facts relating to the enlargement of the original common school district. There fore, we assume the attachment was legal, and that the only point in which you are intere is whether any particular period of time must elapse before the holding of a second assumption election where the first assumption election fail to carry.

Article 2786b, Vernon's Annotated Civil Statutes, reads in part as follows:

"Section 1. This Act shall be applicable to towns and villages incorporated for free school purposes only, common school districts, independent school districts, consolidated common school districts, consolidated independent school districts, county wide school districts, consolidated county wide school districts and rural high school districts and to every other class or type of school district, which have been heretofore or hereafter shall have been extended or enlarged under such circumstances that at the time of such extension or enlargement there were or are bonds outstanding payable from taxes levied against territory which does not comprise all of the territory of such extended or enlarged district.

"Sec. 2. The governing board of any such district, without the prerequisite filing of a petition requesting such action, is hereby authorized to order that an election be held in said district as enlarged or extended on the question of the assumption of such bonded indebtedness by said district as enlarged or extended and the levying and collecting of a tax therein to pay the principal and interest thereof. The law in reference to the calling of elections and the holding of elections for the issuance of school house bonds by any such district shall be applicable to such election to the extent that such law is applicable and not in conflict herewith, and in event of conflict the provisions of this Act shall control. Only qualified electors who own taxable property in said district and who shall have duly rendered the same for taxation shall be qualified to vote. If a majority of persons voting at said election shall vote in favor of the assumption of said indebtedness and the levying and collecting of said tax said indebtedness shall from and after the canvassing of the returns and declaration of the result of said election be the general obligation of such school districts as enlarged or extended, payable from taxes that shall be levied upon all taxable property therein, subject only to limitations prescribed by law.

"It shall be the duty of the governing board of such district from and after the assumption of such indebtedness to levy and collect annually taxes against all of the taxable property in said district sufficient to pay the interest and to pay or to provide for the payment of the principal thereof."

Section 4 of Article 2786b makes the law with reference to the issuance of refunding bonds available to the indebtedness assumed under this statute.

You will notice that no time limit is specified in the above quoted sections, and we feel that we would not be justified in reading such a provision into said statutes. It is to be noted in this connection that Article 2742f, which authorizes the detachment and attachment of territory, is similar to Article 2786b in that no time limit between the holding of assumption elections is specified.

In view of the foregoing, you are respectfully advised that no particular period of time must elapse before a second bond assumption election may be held where the first election failed to carry.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/ George W. Sparks
George W. Sparks
Assistant

GWS:db:wc


APPROVED APRIL 13, 1942
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/ BWB Chairman